please call the next case will the appellant please come forward that's ms. HANNONEN please come to the podium. I was allowed to sit down I guess oh you you want to sit down. If I may. You certainly may. I am not. Would you would you introduce yourself for the record? I am Lena Hannonen. I'm the appellant pro se. Thank you. You have 15 minutes for your argument. You have you have the ability to reserve five minutes at some period of time for rebuttal. Do you wish to do that? I need five minutes now and I reserve the rest of it. Well we'll see what you do. Please proceed. Thank you. All I should really have to say that there was no proof of claim filed on this case. Procedure was not followed and that should be enough. The judge did not look into the that the proof of claim was filed in a bankruptcy court and I believed it and I believe the judge and the attorneys were honest. We are in America. Proof of claim 410, 410A, 410S as required by the revised bankruptcy rules of 12-2017 were never filed and if they don't know what the proof of claim form looks like I have it right here. None of this was filed. The lower court erred on the second time when they previously the rule 3002A required only unsecured creditors and equity security holders to file a proof of claim of interest for such claim or interest. Ms. Hannonen, can I ask you a question? My question is what relief do you want from this court? When you appeal a case to the appellate court you say two things. The judge made a mistake and this is what I want you to do about it and I want you to address the the second part. What is it that you want this court to do? I want you to reverse the foreclosure. The motion to grant relief from stay. Is that what you want? Either give me a stay or reverse the November. Okay. Please proceed. The lower court erred on a number three is the judge did not follow the rules. I'm not an attorney. They were not following the law. The judge cannot testify into my case. I should have told her she's She cannot presume facts not in evidence. This is an evidence code. I didn't catch it in time and the US Bank rushed in and foreclosed on my house. Basically stole my house with fake documents and I have probably another 15 points here that I can bring up but this would be enough to reverse the ruling. And I'll reserve the I will bring up after. Thank you. Counsel. Thank you, Your Honors. My name is Erin McCartney. Yes. Tell us who you are. My name is Erin McCartney. I'm the attorney appearing for US Bank National Association today. The appellee. Your Honors, we're here today to just discuss and review order granting relief in an underlying, excuse me, Chapter 7 bankruptcy case. The order granting relief. In that case, the judge did review the proper law to decide the issue and decided that there was cause for relief based on 362 D2 in the fact that there was no equity in the property and that it was not necessary for a reviewed and decided that standing existed due to a properly endorsed note to the moving party as well as a properly recorded assignment from the deed of trust. The order was granted and then the case was discharged. When did the discharge take place? The discharge was October 7 last year. October 2nd. Okay. Did anything happen with respect to the foreclosure between the order granting relief and that discharge date? No, Your Honor. No notices of sale given, nothing like that? The, no, I believe the notice of sale was actually recorded before. Before. Before the bankruptcy case was filed. So once the relief order was granted and the discharge was entered, the foreclosure sale occurred after that on November 9th. So after the order was entered and then after the discharge was entered, the foreclosure sale went forward. So the order granting relief was already effective at that point, but also the discharge was entered, meaning that the stay was terminated by operation of law at that time. Therefore, the order appears to be a valid order. There's no reason that there's been no showing of any reason that there would be any reason to overturn that order. And because the foreclosure sale has already occurred, it appears as though this appeal is actually moot and therefore the panel does not need to make any further... Counsel, we're sort of torn between two positions here and I wonder if you can help us. One way to look at this case is because it's moot, because there is no stay in effect after the discharge is granted and the sale occurred after that, that there's no jurisdiction here because there's no relief that can be granted. As Judge Ferris was alluding to, sometimes the case is not moot because there's some kind of damage that occurred, some kind of event that occurred post order granting relief from stay, in which case we'd want to address the case on the merits. Do you understand what I'm saying? I'm not making myself clear. I'm going to let Judge Ferris state it better than I. Let's suppose the foreclosure took place before the discharge, okay. Then the case would not be moot because doing away with the order granting relief from the stay would affect the sale. If the sale, as in this case, took place after the discharge, then maybe the case is moot because the discharge terminated the automatic stay and granting it beforehand didn't make any difference. The third case is if something happened in between stay and discharge. Perhaps the sale was publicized in some fashion. Demands were sent to the debtors, something like that. If something like that happened, there might be some possibility of monetary recovery on account of that. And that possibility, I'm not saying there would be monetary recovery, but the possibility would potentially keep the case from going moot. Yes, I understand what you're asserting here. It looks like the motion for captures the date of the recorded notice of default and the date of the recorded notice of sale, both occurring well before the actual bankruptcy case was filed on July 3rd, and the notice of sale was published on May 31st. Okay, so the stay was lifted, but nothing sort of got teed up until after the discharge occurred. That's what you're saying. Well, right, I'm saying that the notice of sale would have already been recorded at that point, so there would not have been any new recording that would have occurred after. For other activity? Right. Well, what happens is you continue the sale, is that what happens? The sale does continue, you know, at each published sale date. Then there's a new publishment. Then a new publishment occurs, which is what appears to be the only thing that happened here after the order was entered, and then after the discharge was entered. In between that time frame, there doesn't appear to be any action that had occurred. The sale date was set and then proceeded on that November date, well thereafter the discharge date. So to address your concern, I think that, you know, there isn't a cause for damages that even if a relief order had been overturned, that there would be relief that the court could warrant in this case. Therefore, I don't see any other reasons that the bankruptcy court's ruling here would be overturned, and I have nothing else to add unless you have questions. Thank you, counsel. You may respond to any and all of that. Please identify yourself for the record, please. So for the record, who knows who's speaking? Lena Hanonen. Thank you. I was also trying to bring up the fact that there are two entities claiming to own the original note. Isn't that a red flag? U.S. Bank is claiming that the original note is in Minnesota. Specialized Loan Servicing, and I have it all here, is claiming that the original note is in Highland, Colorado. U.S. Bank is signed. They have a copy of the signed note. It's signed, but it's not dated. Is that a legal note? I mean, is that a legal copy? When there's a date put in, that's when they have to apply the collateral money. The money has to be transferred on that date when the note is signed. It's not on this. The other one is, Judge Laura Taylor should be recused from all the foreclosure hearings because her involvement with MERS. She has a property that is loaded with MERS mortgages. Judge Taylor's not here today. All you got is the three of us. Well, are you aware that this has MERS mortgages on it? I know this is a federal building. It shouldn't have any mortgages, but I can show you. If you look up in the MERS database, there are mortgages on it. MERS is all over, and there is so much fraud and corruption in it. When is it ... Where is a courtroom that will address these issues? I'm loaded with these MERS mortgages, and ... I understand you have a number of issues that can be raised, but we're pretty much limited to the case that's in front of us today. And the proof of claim form, isn't that enough to set them back and have them go back in a drawing board and start all over again and do it properly, follow the procedures? Rules don't require secured creditors to file claims. They don't have to file a proof of claim. I don't think that's correct. Well, I think it is. We're going to take all of your questions as being rhetorical. Rhetorical questions are effective means of argument, but we're not in a position to, you know, we can't necessarily answer those questions for you, okay? So, you still have nine minutes to present anything you wish to present. Oh my god, they're allowing me to speak? You don't have to speak for nine minutes. I've always told counsel that the most effective arguments I've ever seen were people who were so confident of their position that they left lots of time on the table. It shows confidence, but... I am bringing up this, the two notes that are out there supposedly. They cancel each other out when there is, when the exhibits are inconsistent. And that's all I have to say about that. I will, I would like to look at these other MERS market seats on this building, so you can, I don't know if you're aware of this, do you need to know about this? Can I make a suggestion? Would you leave it with our clerk? I will. Okay. And I don't know if... And you need to give a copy to counsel also. Well, why don't you just show it to counsel and counsel will allow you to give it to the other person. I will do that. And I'm done. Okay. Thank you very much. Thank you. This matter is submitted.
judges: Kurtz, Faris, Brand